IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

O-J-M, an adult

    Petitioner,

v.

DREW BOSTOCK, Seattle Field Office
Director, Immigration and Customs Enforcement
and Removal Operations ("ICE/ERO"), TODD
LYONS, Acting Director of Immigration Customs
Enforcement ("ICE"), U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT, KRISTI NOEM,
Secretary of the Department of Homeland Security ("DHS"),
and PAMELA BONDI, Attorney General of
the United States,

    Respondents.

Case No. 3:25-cv-944-AB

Agency No. A241-1249-349

ORDER

**BAGGIO, District Judge:**

    Petitioner O-J-M, a citizen of Mexico detained by Respondents on June 2, 2025, after attending an immigration hearing in Portland, Oregon, has filed a petition for habeas corpus. She seeks that this Court: (1) assume jurisdiction of this matter; (2) order Respondents to show cause why her petition should not be granted; (3) declare that her re-detention without an individualized determination violates the Fifth Amendment's Due Process Clause; (4) declare that Respondent's application of the January 2025 Designation to her is illegal; (5) Issue a Writ of Habeas Corpus ordering her release from custody; (6) Issue an Order prohibiting Respondents from transferring

1 – ORDER

Petitioner from this District without the Court's approval; (7) award her attorney's fees and costs; and (8) grant her any other relief that the Court deems just and proper. Petition for Writ of Habeas Corpus ("Petition" or "Pet.", ECF 1), 18. To date, Petitioner has not served a copy of her Petition on Respondents.

Upon review of the Petition, the Court ORDERS:

1.  The Clerk of the Court must serve a copy of this Petition upon Respondents and the Acting United States Attorney for the District of Oregon, William Narus (William.Narus@usdoj.gov).

2.  Respondents shall, no later than June 5, 2025, at noon Pacific Daylight Time, answer or respond to the Petition.

3.  Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-

2 – ORDER

matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4.  Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondent believes that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5.  If the Respondent has already moved Petitioner outside of this District, Respondent is ordered to notify the Court **within two hours of being served with this Order**. Respondent is further ordered to state the exact date and time that Petitioner left the District of Oregon and the reason why Respondent believed that such a move was immediately necessary.

**IT IS SO ORDERED.**

DATED this 3rd day of June 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

3 – ORDER